UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MINNIE WHITE

                        Plaintiff                         09 Cv. 10127 (RPP)
    - against -

                                                                     **OPINION AND ORDER**

CITY OF NEW YORK, ADMINISTRATION
FOR CHILDREN'S SERVICES, LOCAL 371
SOCIAL SERVICES EMPLOYEES UNION,
CHERRIE ROSTANT, and JORGE PASTOR,

                       Defendants
------------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.**

        The Plaintiff, Minnie White ("Plaintiff"), a former employee of the Administration of Children's Services ("ACS"), alleges in a complaint filed in New York County Supreme Court on November 6, 2009, discrimination against her on the basis of her race and national origin and the intentional infliction of emotional distress. Plaintiff's claims are against the City of New York ("City"); ACS; Cherrie Rostant, Plaintiff's Supervisor at ACS; Jorge Pastor, Director of Program, Third Party Review, ACS; and Local 371 Social Service Employees Union ("the Union") under New York Executive Law ("N.Y. Exec. L.") §296, 42 U.S.C. §§ 1981 and 1983. The Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the Plaintiff's claims.

**I. Background**

        Plaintiff is an African-American female born in the United States; she was a Third Party Case Reviewer ("Case Reviewer") with ACS. As a Case Reviewer, Plaintiff had to submit Case Review Summary Reports ("CRSR") to Cherrie Rostant, Plaintiff's supervisor, within five days of meeting with her child client at a Service Plan Review

1

("SPR") Conference.  (Compl. ¶ 10.)  Plaintiff was often late in submitting her reports.  (Id. ¶ 11.)

Based on this conduct, around May 2005, Rostant gave Plaintiff a "conditional" rating on Plaintiff's evaluation from April 1, 2004 through March 31, 2005.  (Id. ¶13.)  Plaintiff appealed this "conditional" rating, and on August 4, 2005, the Assistant Commissioner of Adoption Services of ACS changed Plaintiff's evaluation from "conditional" to "good."  (Id.)

On October 7, 2005, Ms. Rostant charged Plaintiff with five counts of misconduct in an internal ACS proceeding, and after an informal conference, a hearing officer recommended that Plaintiff be suspended for fifteen days.  (Id.)  The Employment Law Unit held a Step II hearing on February 27, 2006, and Plaintiff's suspension was reduced to three days.  (Id.)  In December 2006, Plaintiff retired.

In Plaintiff's unit, there were two other Case Reviewers, Pamela Campbell, who is of Jamaican origin, and Eileen Hayne, who is of Guyanese origin.  (Id. ¶12.)  Ms. Rostant, her supervisor, is from Trinidad.  (Id. ¶ 13.)  Plaintiff alleges that even though Case Reviewers' Campbell and Haynes also submitted their CRSRs late, they were not disciplined.  (Id.)

On April 5, 2006, Plaintiff filed a complaint with the SDHR charging the City of New York and ACS with discrimination in violation of N.Y. Exec.L. § 296 and Title VII of the Civil Rights Act of 1964.  On October 14, 2008, the SDHR determined there was no probable cause "to believe that [ACS] has engaged in or is engaging in the unlawful discriminatory practice complained of."  (SDHR Determination and Order After Investigation.)  It based its finding on evidence in the record that: (1) Plaintiff was "the

only employee Ms. Rostant recommended for discipline; moreover no other African Americans were disciplined"; (2) the Plaintiff was chronically late in submitting her CRSRs; (3) the CRSRs were critical to the organization's mission; (4) the Plaintiff was "resistan[t] to supervision"; (5) the Plaintiff took off days without permission, including days in which she had a scheduled SPR conference, and without ensuring that alternate arrangements had been made to cover the conference; and (6) while other case reviewers were occasionally late with their reports, those other reviewers "willingly cooperated with supervision" to meet deadlines when possible.  (*Id.*)

On November 6, 2009, Plaintiff filed her complaint in the Supreme Court of the State of New York, County of New York.  On December 11, 2009, the case was removed to this Court.

In her complaint, Plaintiff alleges five causes of action: (1) the City of New York and ACS, in violation of N.Y. Exec.L. §296, discriminated against the Plaintiff based on her race and national origin and thereby constructively discharged her and forced her retirement; (2) Cherrie Rostant and Jorge Pastor discriminated against Plaintiff pursuant to 42 U.S.C. §1981; (3) the Union breached its duty of fair representation to Plaintiff; (4) all Defendants intentionally caused Plaintiff extreme and severe emotional distress resulting in depression, anxiety, and loss of sleep; and (5) all Defendants deprived Plaintiff of her civil rights under 42 U.S.C. §1983.

**II. Discussion**

At the oral argument for this Motion to Dismiss, Plaintiff's attorney conceded that ACS is not a proper party in this lawsuit because it is a non-suable entity.  (Transcript of

Argument on June 22, 2010 ("Tr."), 16). The motion to dismiss all claims against ACS is accordingly granted.

### A. Statutes of Limitations

The statute of limitations for claims pursuant to 42 U.S.C. § 1981 is four years. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (2004). The statute of limitations for claims brought under 42 U.S.C. § 1983 and N.Y. Exec. L. § 296 is three years. Id.; Shelford v. New York State Teachers Retirement System, 60 F.3d 811 (2d Cir.1995). The statute of limitations for the intentional infliction of emotional distress is one year, and the statute of limitations for a breach of duty to fairly represent a union member is four months. N.Y. C.P.L.R. § 215(3); N.Y. C.P.L.R. § 217.

Plaintiff's claims accrued in October 7, 2005, which is the last date upon which Plaintiff alleges any discrimination occurred. (Compl. ¶13; see also Tr. 15-16.) Plaintiff filed her complaint in the New York Supreme Court on November 4, 2009, over four years after they accrued. The filing of a claim before the SDHR alleging violations of state law did not toll the federal statutes of limitations. See Bd. Of Regents v. Tomanio, 446 U.S. 478 (1980); Johnson v. Ry. Express Agency, 421 U.S. 454, 465-66 (1975). Therefore, Plaintiff's claims pursuant to 41 U.S.C. §§ 1981 and 1983, are both time-barred by the applicable statute of limitations.[1] Nor did the filing of the SDHR complaint toll the statute of limitations for other claims not raised before the SDHR. See N.Y. C.P.L.R. § 204(a); N.Y. Exec. Law § 297(9); Bd. Of Regents, 446 U.S. at 486. Therefore, Plaintiffs' claims that the Union breached its duty of fair representation and that the Defendants intentionally inflicted emotional distress – neither of which was

---

[1] At the oral argument, Plaintiff's attorney conceded that the §1981 claims against Ms. Rostant and Mr. Pastor were time-barred by the statute of limitations. (Tr. 16.)

raised to the SDHR – are time-barred. The Plaintiff's claim that the Defendants' discrimination violated N.Y. Exec.Law §296 was raised before the SDHR; the statute of limitations thus tolled during the pendency of the proceeding, and this claim is timely brought. *See In re Pan Am. World Airways*, 463 N.E.2d 597, 600 (N.Y. 1984).

Although Plaintiff's claim for intentional infliction of emotional distress carries a one year statute of limitations, Plaintiff contends that the harm was continuous and thus the statute of limitations is tolled until the continuing harm ceases. Under the doctrine of continuing violation, the alleged events must not be "isolated and sporadic outbreaks of discrimination but a dogged pattern." Sunshine v. Long Island Univ., 862 F.Supp. 26, 29 (E.D.N.Y. 1994). Here, Plaintiff's reliance on the doctrine of continuing violation is misplaced, since Plaintiff claims that the discrimination occurred in October 2005, and she cites no authority nor makes any factual allegations of infliction of emotional distress that suggest that the doctrine of continuing violation would extend the date of accrual beyond October 2005 or, at the latest, beyond the date of her retirement from ACS in December 2006.[2] Plaintiff's intentional infliction of emotional distress claim is therefore barred by the one year statute of limitations.

**B. Preclusion**

Additionally, Plaintiff is estopped under New York law from raising her claim under N.Y. Exec. Law §296 and each of the other claims in the complaint because they are precluded by the no probable cause finding that the SDHR issued. A probable cause determination is only made after the complainant has had a "full opportunity to present

---

[2] Plaintiff conceded at oral argument that this argument of continued violation "probably is not a very strong argument. So I think [the Defendants'] argument in that respect, with respect to [Plaintiff's] tort claim, has some validity, to be perfectly honest." (Tr. 18.)

5

on the record, though informally, her charges against her employer or other respondent, including the right to submit all exhibits … and testimony of witnesses in addition to her own testimony" or where "a complaint lacks merit as a matter of law." DeCintio v. Westchester County Medical Center, 821 F.2d 111, 117 (2d Cir.1987).  Under New York law, Plaintiff has the burden of showing that she was denied an adequate opportunity to litigate before the SDHR.  Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 730 (2d Cir. 2001).  Plaintiff has not alleged or asserted that she was not accorded a full opportunity to be heard at the SDHR proceeding.

Instead, Plaintiff argues that since there was "no formal trial, no testimony of witnesses, no rules of evidence, no appeals, no discovery, or nothing in person other than the submission of documents and the rendering of a report" during her SDHR proceeding, she cannot be collaterally estopped from bringing her claim in federal court.  (Pl.'s Opp. at 18.)  However, the Second Circuit has held that, provided the Plaintiff has had a full opportunity to present her claims on the record, "the mere filing of a complaint with SDHR precludes the Plaintiff from commencing an action in court based on the same incident."  DeCintio, 821 F.2d at 118.  In University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986), the Supreme Court held that when a state agency acting in a judicial capacity "resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts."

Under New York law, such administrative remedies are mutually exclusive with judicial remedies, and when a party files a complaint with the SDHR, that party is "generally barred from commencing an action in court so long as it arises out of the same

incident." Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 882-83 (2d Cir.1995). Moreover, the Second Circuit held in Mitchell v. National Broadcasting Company, 553 F.2d 265 (2d Cir.1977), that even though there was not a formal evidentiary hearing in the SDHR proceeding, res judicata principles still applied when the determination at issue was "made on the legal merits of the complaint" and when the same claim was later raised in another forum. Accordingly, Elliott and binding Second Circuit precedent require that "we give to these administrative proceedings the preclusive effect which they would be accorded by the courts of New York." 478 U.S. at 799. Because Plaintiff's 2005 complaint with the SDHR and her complaint filed with this court in 2009 are based on the same factual allegations, and because the SDHR found that no probable cause existed, Plaintiff's claims, under both federal and state law, are subject to dismissal.

### C. Constructive Discharge

The complaint contends that Plaintiff was compelled to retire in December 2006 because of "the hostile work environment and harassment directed against her by reason of her race and national origin." (Compl. ¶15) An employer constructively discharges an employee when the employer "intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily" rather than directly firing the employee. Flaherty, 235 F.3d 133,138 (2d Cir. 2000).

A Plaintiff alleging constructive discharge has a high threshold to meet, Silverman v. City of New York, 216 F.Supp.2d 108 (E.D.N.Y. 2002). To prevail on such a claim, the conduct must be "sufficiently severe or pervasive to alter conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). In Spence v. Maryland Casualty Co., 995 F.2d 1147

(2d Cir. 1993), the court dismissed the plaintiff's constructive discharge claim even though his supervisor scolded him, pounded his fist on the table, and continuously threatened to fire him during a meeting. Id at 1147. In contrast, Plaintiff's claim of constructive discharge is premised on one rating of "conditional" in May 2005 and a three-day suspension from work imposed in February 2006, which she alleges was because of her race or national origin.[3] Plaintiff voluntarily resigned in December 2006, over ten months after her three-day suspension of work, and she has alleged no facts to suggest a causal relationship between the October 2005 incidents and her resignation. The evidence provided in the record does not suggest that ACS subjected Plaintiff to an abusive working environment, and "an employee is not constructively discharged because she does not like her assignments, receives unfair criticism, or is yelled at by supervisors." Stetson v. NYNEX Service Co., 995 F.2d 355, 360 (2d Cir. 1993). Plaintiff's complaint does not allege any facts that would meet this high threshold. The claim is therefore dismissed.

### III. Conclusion

All of Plaintiff's claims against the City of New York, ACS, Ms. Rostant, Mr. Pastor, and Local 371 Social Service Employees Union are dismissed for the reasons stated herein.

IT IS SO ORDERED.

---

[3] Rostant soon after changed Plaintiff's "conditional" rating to "good."

Dated: New York, New York

    July 7, 2010

                                        Robert P. Patterson, Jr.

                                        U.S.D.J.

**Copies of this Order have been sent to:**

**Counsel for Plaintiff:**
Andrew J. Schatkin
350 Jericho Turnpike
Jericho, NY 11753
(718) 279 – 7247 (fax)

**Counsel for Defendant City of New York:**
Basil C. Sitaras
NYC Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007
(212) 788 – 8877 (fax)

**Counsel for Defendant Local 371 Social Service Employees Union:**
Joel Spivak
Mirkin & Gordon, P.C.
98 Cutter Mill Road, Suite 310N
Great Neck, NY 11021
(718) 895 – 7164 (fax)